Good morning, Your Honor. Christopher W. Katzenbach for Phil Limon, Appellant and Defendant. The Court asked for comments on the Ninth Circuit's decision in trial week, and so I was prepared to start with that, if the Court would like, and launch right into that one. The issue here is, I think, some confusion between the trial week decision and the Court's subsequent SEIU decision, because in the subsequent SEIU decision, it looks like the Court is going with the idea that Section 501A provides a cause of action for unions. Certainly, in the discussion in the SEIU case, they don't refer to trial week at all, but they do proceed to discuss fiduciary breaches. So going back over this, it looks to me the following, is that the actual jurisdictional basis in the SEIU case was Section 301 of the Labor Management Relations Act, in other words, breach of contract. And if that is apparent from the earlier decision on the injunction, where the Court says, we have jurisdiction under the federal breach of contract law, we don't have to reach any issue whether we have any jurisdiction under the fiduciary breach under the LMRDA. So going back to where trial week is, the issue in here is, it seems to me that trial week is still good law, hasn't been overruled, either directly or implicitly. And more importantly, so I'd like to take the two issues that seem to come up, though, in courts that have distinguished trial week or not refuse to follow them, are two points. First, the statement that trial week is only dealing with Section 501B and not 501A. And secondly, the sort of rhetorical question, why would Congress say that unions have to, there's a demand on the unions to sue, but not provide them the unions a right to sue. Let's take the first one first. It seems to be clear from section, from trial week itself, that trial week, in fact, considered the jurisdictional elements under 501 as a whole. And if you look at the decision, it states that, you know, after discussing 501B, it goes on to say, here, by contrast, the union maintains a right to sue to recover its own funds. Therefore, it does not need the consent of the court or the operation of Section 501 to sue for recovery. In other words, trial week seems to be saying, and in fact is saying, that the unions have rights under State law that they can invoke. And in fact, if you look at the legislative history, that is exactly the reasoning that Congress went through when they created the fiduciary duty section in 501A. Congress was very concerned about the fact that while they all knew, and this was referenced repeatedly throughout the legislative history, that fiduciary duty issues had routinely been handled by State courts, it was less clear that there was a body of law dealing with the fiduciary duties of union officials as opposed to bank directors, non-profit corporations, you know, charitable organizations. So Congress was very clear they wanted to enact some sort of standard in the LMRDA. But interestingly, when enacting that standard in the Senate bill, they did not enact any enforcement provisions at all. The obvious implication being that they intended that this standard would be applied by whatever State courts applying whatever State fiduciary duty laws were there. That's not so unusual. For example, in HIPAA, we have a federal privacy standard, but no federal privacy right, no federal right of access. In HIPAA, for example, it's constantly used as a standard of care for State law causes of action. For example, negligence, malpractice, and this court decided in the one case, the case we cited in our supplemental proceeding, for a claim under the Business and Professions Code 1700. So that it's not so unusual for Congress to create a standard and leave it up to the States to enforce it through State laws. And that seems to be what the court said was the way it would work in Trawick. And that is completely consistent with how Congress intended that to work. The only difference was when the two bills got to conference, and there was the House bill and the Senate bill, the parties agreed to the additional language dealing with members' derivative actions that was in the House bill but had not been in the Senate bill. And all that shows, I think quite persuasively, is that Congress, in fact, considered what sort of enforcement mechanisms to enact. Well, so what do we do with Trawick? Well, Your Honor, I guess the answer is this court would say that we didn't intend to overrule it in SEIU. It's still good law. And, you know, the Supreme Court is welcome to step in and say what it wants to say. And I can't see what other option the court really has other than to tee it up in that fashion. The alternative would be to go on bank and decide what to do. But that would seem to me the two choices the court has. Either choice is obviously viable. I guess what I would say, though, Your Honor, is that Trawick, despite the rejections in other courts, Trawick is actually the decision that is correct looking at the legislative history and looking at congressional intent. That the other courts would say, would ask the question, why would you require a demand to sue and not provide for a right to sue, is answered by the legislative history. The Congress knew that fiduciary duty cases would be typically brought in state court along with, you know, all sorts of other things that you might have along with it, state law conversion, actions, for example, fraud, breach of contract, things like that. So that it's not surprising that they wrote it this way. And if you look at the standards now, which appear to be moving more and more to what is congressional intent, it really isn't the court's role to say, golly, it would have made sense for Congress to have thought of, done this. They must not have thought of it. Well, candidly to that, Congress clearly thought of it and clearly considered it and clearly considered between having absolute, the Senate bill, which had no enforcement mechanism whatsoever, and the House bill, which had the derivative action only and chose the derivative action. It is difficult for me to see from that that Congress has not considered the issues of enforcement and made a decision. And if you don't, and that that's a decision this court should acknowledge and respect. I guess what I would be saying is that that is the way current law would seem to suggest it should work. And I give the analogy to HIPAA, because that's a currently sort of situation where you have a federal standard, but no federal right of cause of action. So with that statement, I have to say that my feeling is that the court should clarify the issue, hopefully this panel and not, but if on bank, if necessary, and, and, and, and, and deal with that in detail. I, on bank issues is. So what is our basis for federal jurisdiction in this case? The only claim basis for jurisdiction was, was 501A, LMRDA 501A. There's no other basis for jurisdiction alleged. There's obviously federal question jurisdiction, you know, there, but, but that requires a federal clause of action. In other words, you can't have federal question jurisdiction sort of out in the air. You know, it has to have a federal clause of action or it has to have a claim arising under federal law and to rise under federal law requires a federal clause of action. The Supreme Court has been relative, been fairly consistent on that approach then. So without a federal clause of action, there's no arising under, otherwise any violation of any federal law would, would give you federal jurisdiction and that's just not the way it works. So there is no claim, for example, under other federal laws. For example, in the Guidry case, which the defendants cite, which noted this distinction, but said it was not relevant, went on to note that in that case, the parties had invoked federal jurisdiction under ERISA, which clearly provided for federal jurisdiction. So they didn't have to decide, the Supreme Court never had to decide whether there's federal jurisdiction under 501A for that case. So, Your Honor, so that leaves me at... So assuming we can get past Trawick, is there a tribal issue as to breach of fiduciary duty for purposes of summary judgment? Because the district court, part of the district court's finding is that it's undisputed that Mr. Lyman didn't return e-mails and there are specific provisions that address the return of union property. Well, I think, Your Honor, the district court is correct in the sense that he didn't return his own property to them, but these are the issues whose property was it. In other words, the idea that copies of documents, and that's what we're talking about, only copies of documents, not a single original, copies of documents that were sent to him in his e-mail account, his own personal e-mail account, or he wrote and sent out of his own personal e-mail account. In other words, there's never been a... There is no law that says copies of documents belong to someone else. Copies of documents have always belonged to the person who has the copy, either the recipient or the person who sent it. And there is a... If this is union property, is it best to dispute it? Well, we think that there's no law whatsoever that says a copy of a document belongs to someone else. But we think at best that's a disputed issue of fact. But more importantly, when you have the... I don't mean to interrupt, Your Honor. You're about to speak. What about the disclosure? Because your time's running out. I wanted you to address the different factual issues, the disclosure of confidential information. That was the original theory of the complaint, that they didn't have a theory of the complaint that everything was union... All copies were union property. The theory was that this was an attorney-client disclosure. Your Honor, I don't see a basis for saying... Candidly, I don't see how an evidentiary privilege is a piece of property without at least some union rule that applies. And I think that's the significant issue here. If you want fiduciaries to follow union rules, it seems to me you have to have union rules that tell fiduciaries what to do in pretty unequivocal terms. If you want to have a rule that says you can never disclose attorney-client communications, in other words, for laypeople to understand what that means, you have to be pretty specific and you have to have an identifiable and clear-cut reason for that. You have to say... And the circumstances under which you can't do it. Because it does interfere with free speech. To say you can't disclose an attorney-client communication does interfere with free speech. And the example here is that they have attempted to say, well, you can't use it to help members defeat union charges because that's contrary to the interests of the union. Well, the problem is they have is they're just conflating different union bodies. Local 1553 has completely different interests. Well, it has different interests than the UCB that bought the charges. So helping members defeat charges which are perceived to be unfair doesn't harm 1553 necessarily. And certainly there's no evidence of such But I would say that before you can have, hold someone to a fiduciary duty that says primarily follow union rules, you have to have union rules that are clear and can be followed and don't interfere with the ability to have free speech. So if I have any time left, I'll reserve it. You have about two, almost three minutes. Thank you, Your Honor. Thank you. Thank you, Your Honor. May it please the court. This court undisputedly has subject matter jurisdiction over the case. And that is under two provisions of federal law. The first one is section 501A of the LMRDA. The second one is based upon the allegations in the complaint, there would be and there is section 301 jurisdiction. In the complaint itself, they alleged or the union alleged a breach of contract. It used that breach of contract as a predicate or breach of the union constitution, which is 301 jurisdiction. It used that as a predicate for a 501A violation, but it nonetheless alleges facts that can and do and does establish federal subject matter jurisdiction. Currently, there is two Ninth Circuit cases that have upheld section 501A liability. There's the Southwest Regional Council of Carpenters versus McCarran. It was found that he, as a union official, violated section 501A by not following the union bylaws and paying checks of over $5 million. There is the SEIU case, which is a published decision. The McCarran case was unpublished from 2018. The SEIU case was published in 2013. And this is the key point of the SEIU case. The court did consider whether section 501A implied a cause of action in favor of the union. And distinguishing the difference between a section 301 claim and a section 501A claim, the court in its published reasoned analysis said, to hold otherwise, the organization would have no remedy for those financial resources that the officer skimmed. We do not believe Congress intended to write such a blank check for internal insurrection. That is on page 1046. So we believe under the other cases of the Ninth Circuit, the Garcia case that we cite, that this court treats reasoning central to a panel's decision as binding on later panels. We believe that SEIU reasoning is binding here, setting forth an implied right of action. But this wouldn't be the first time the Ninth Circuit has implied a right of action, or a circuit court has implied it. There are three other circuits, all of which unanimously imply a right of action under section 501A. There's the Fay case from the District of There's the Ward case from the Seventh Circuit in 2006. There's the Statham case from the Eleventh Circuit in 1996. All circuit courts hold under 501A, there's an implied right. We also have- But not all circuit courts, because in Trawick, we held otherwise. And so is your proposal that we not deal with Trawick in this case? Not at all, Your Honor. But Trawick, by its express terms, was limited to 501B. We here brought our claim under 501A. We did not invoke 501B. And the district courts in this circuit, Judge Alsop, in 2009, expressly stated that. He said, Trawick dealt with 501B. It's not really relevant to 501A. We have Judge Kaye in Hawaii in the Yoshimura case that we cite analyzed it the same way. He said, quote, the court's holding in Trawick was based on the express language of section 501B and did not consider whether a federal cause of action for a union plaintiff may be implied in the statutory scheme. And then it goes on to quote Trawick, which I'll quote Trawick itself. We reversed the district court's judgment against Trawick and McFadden to the extent it was predicated on a violation of 501B. That was what was at play there. Trawick cited 501B in page 505, 506, and 507 with that holding. Trawick did not cite 501A at all in its analysis. It didn't speak of 501A. So we have the other circuit courts of appeal holding 501A implies. We have the SEIU cases reasoning, explaining why there's an implied right of action under 501A. We have Trawick itself limiting itself to 501B. So we believe Trawick doesn't answer the question here. But in addition, Trawick was never a subject matter jurisdiction case as the Supreme Court in later cases, in particular the Arbar case in 2006 and later Supreme Court cases started talking about courts, including the Supreme Court itself, previously had used subject matter jurisdiction as a label sloppily. They didn't use it precisely. And at that point, they started analyzing, well, are we talking about subject matter jurisdiction or are we talking about a failure to state a claim? Right. So there's two concepts. One is whether there's an implied cause of action under 501A. And the second is jurisdiction. Correct. Can we assume that there is an implied cause of action here? And if so, what is our basis for jurisdiction? The basis of jurisdiction would be under 501A and Section 301 based on the allegations in the complaint, which I'll direct the court's attention to. If you look at number one, the first paragraph of the complaint talks about seeking injunctive relief. We want the return of the property in Section 5. In the prayer, we ask for an order to return the documents. And then in paragraphs 34, we say there's a breach of the UBC or the Constitution, which inherently gives the court subject matter jurisdiction. Once we get past the subject matter jurisdiction issue, and we're talking about whether there is an implied, we believe the defendant has waived that argument by not raising it. Because he could have raised it at the district court level, but did not. He could have raised it in his appeal, but did not. So once there's subject matter jurisdiction, we believe that the 501A issue is no longer an issue because it's been waived in terms of whether it in fact implies a right of action, although we believe the case law clearly establishes it does. Let's assume we can get past trial week. Can you address the Article 3 standing? What's the concrete injury that's redressable here? The concrete injury that's redressable is the property that is in the possession of Local 721 has now been confiscated and given away by the former union official. The former communicated to, in his official capacity, not in any personal capacity or in any other way, and he kept our information and our confidential information, which on the face of the document say they're confidential. He gave it away to two non-members. By the time he gave it Let's sort of break that up the way the district court did and the way council discussed it. One is the retention of information, right? And then the other one is the disclosure of confidential information. As to the retention of information, the district court had indicated that the UBC constitution does not specify exactly what property needs to be returned and council made the argument, well, nothing says copies sent to me needed to be returned and the district court actually declined to grant summary judgment on that basis. So how do you respond to that retention of property argument? Well, in terms of the property argument, I think this copy is a fictional distinction. The law firm sent emails to the defendant. That's not a copy. They sent it to him. He turned around and took those documents and gave them away and he retained those documents after he ceased being a union official. So even if there was a question of fact, whether there was a property under the constitution, section 501A says, hey, union official, you have to take care of union property and not use it in a self-dealing fashion by giving it away to non-members who do not have the same confidential interest as the union itself. The union wanted to preserve the confidentiality of these records. The defendant never got authorization to release that. He just unilaterally made the decision that he would release confidential information. So the union has that confidential interest at stake, not the people he gave it to who just like his own counsel, just want to give this information away willy-nilly. That's not proper. That goes against the interests of the local who wants to keep it confidential unless it gives its informed authorization. Information now is shared. That's a done deal, right? Is the concern that the same information might be shared again to other people in the future? No. It was a breach for him to share it because in doing so, he attempted to breach the confidentiality. We were able to, in other cases, get that information clawed back. We sued Steve Griggs. We got a judgment against him that we had to give all that information back and hold it as a constructive trustee and not disclose it to anybody. So we got that protected. Against Dan O'Donnell, we got an order that he would give all that information back and he has. So we went and got that information and kept and preserved the confidentiality of it. Again, the defendant never had authorization to give it away, never sought authorization, never disclosed it at a meeting, never disclosed it at an e-board meeting where there was a vote to decide to give it away, nothing like that. So we as the union need to preserve the confidentiality of the records. And just a simple hypothetical. He was the financial secretary of the union. He had access to the financial records and the bank accounts. When he was kicked out of the union, could he go give away the union's bank records to a hacker association and say, hey, here's the bank account, maybe you can get some money out of it? No. That's confidential information that we have a right to demand back from that union official who is no longer a union official. We did seek that information back. We filed a lawsuit. And he said, we're not giving it back as frequently as we want to. So we pursued it to a summary judgment and obtained the summary judgment. But the difficulty, I think the point that Judge Wynn may have been addressing, is that this is information. And once it's disclosed, it's disclosed. How do you get it back? We got the information back. Difficult. Yeah. We got the e-mails. They destroyed it from their internet server or their computer databases. They gave declarations to the district court judge saying, we've redacted and we've gotten rid of it all. And we assume they're telling the truth. So the union's done everything humanly possible to protect and preserve the confidential information. We sued all the players involved, all the players who got the information. We got orders getting it all back. And that's all we want. And so... What do you make of the fact that your opposing colleague noted that these were sent to his personal e-mail? Did he send them to himself on his personal e-mail? No. They were sent to him on his only e-mail that he used. He used two e-mails. One was at the company and it wasn't sent to the company, the confidential stuff, because the company would have access to it. The other one was sent to his union-designated e-mail account. It was his personal e-mail account, but that was the only e-mail account he ever used. He didn't have a separate union e-mail account that had the union, like a g-mail account. There was nothing like that with the union. And they did it on purpose, because they didn't want to cloud up the union. A few union business reps had local e-mail accounts, but not the officers. And that was by design. But regardless of it being his personal SEIU in the 2010 case in the lower court with Judge Alsup, he said, he goes, whether they sent it to your personal e-mail account is a difference without a distinction. You're getting that information in your official capacity for official union business and purposes, not for you to go steal the information or give it away because you think it helps somebody else in a fight with the union. And just by the way, the only charges that were brought against Steve Briggs, he had already resigned from the union, quit his union office, and was terminated. He had to return to Texas to have that information. Dan O'Donnell, he was never a member of the local. He was never brought up on charges. He had no reason to have any local 1553 information. It was just because it was helping the defendant in his other lawsuits, of which they're pending appeals right now before a different panel. That's what it was all about. Thank you, Your Honor. So counsel, why do you have a live controversy? I'm sorry? What's left of the case? You have the property back. There's nothing left of this case. We got the judge. We got our property. We're satisfied. We're not seeking retribution or doing anything. We're here defending our success below. Thank you. A few points, Your Honor. First, let's be clear that we're talking about here the union. 1553 no longer exists. 721 is the party claiming to have a right to sue to protect 1553's interests. And we've discussed that at length in our brief and how they really don't have that. Secondly, when they talk about this disclosure as somehow being improper, it was disclosed in the context of a union disciplinary proceeding against Mr. Griggs. It wasn't that they didn't, the union didn't drop that proceeding. The proceeding was ongoing. It continued. The disclosure was to the union. The disclosure was months and months and months, half a year or more before they even raised the issue, they filed this lawsuit. Before they filed this lawsuit, they never claimed that any of this disclosure was improper. They didn't claim, oh, you've given away our attorney-client privilege secret information. They didn't say that that's privilege, you can't use it. The court never reached the issues of waiver. The court never discussed the issue of whether waiver occurred, although that is in fact their burden to show if they're going to claim that this is privilege. But to say that somehow we're misusing information when we're submitting it in connection with a disciplinary proceeding and where that information is being considered by international union as part of that proceeding and no one says boo until a year later, almost a year later, surely that shows that the information was both legitimately disclosed and that they didn't perceive the horrors that they now present as being the issue. Well, you've turned back the property. Yeah, we turned back the property to do so. Yes, so we did. And you destroyed the remaining copies of it? Yes. So again, what's the law of controversy here? I think the law of... The suit seeks to force you to turn over the property. You did turn over the property. And now what are you appealing? What's left of it? Your Honor, I guess the honest answer is it's our property, so we don't want to bring it back. I think we have a right to have copies of it. We have a right to keep those copies. Whether we misuse those copies, and I don't think we ever have, but we have a right to... That's a separate and independent issue. So to answer your question, I do think it's a live controversy in that sense that we'd want to get them back. And where did you ask for that? Well, we haven't filed a complaint for that, but it would be a restitution order following a reversal. That would be the theory that it would be done under, the sort of normal idea of restitution. Following a reversal of the judgment. So the relief... You're asking us to reverse the judgment of the district court? Yeah. And then if we were to do that, you would then file another lawsuit? No. Restitution can be done within... The Supreme Court has said that restitution can be done within the case. Okay. So you would want us to remand to the district court? Wouldn't have to have to be a remand. I could just do it regardless, even if it was just a straight reversal. I could still go back to the court and say, and with a motion for restitution, I believe that that would be appropriate in either case. How much documents are we talking about here? I know that the summary judgment order said, had a date certain, like all documents from June 30, 2016 on, and copies and all that will be turned over. Did you turn over like a box of documents or? No, they're all electronic. So it's some megabytes. I don't know. I suppose I should have a better answer. I have a print of a list of documents that I think were involved in several pages long, but it contains everything because she offered to turn over everything. So that includes far more than the attorney-client privileges of documents that were at issue in the lawsuit. And one final point, there is no allegation of any provision in the constitution of bylaws of any of the international or any other union that was violated. The case was not bought under section 301. It doesn't allege it and doesn't even allege a violation of a contract in any terms that are even remotely specific. All right. Thank you, counsel. Thank you, your honor. Carpenters Local Union 71 versus Limone is submitted.
judges: Thomas, Wardlaw, Nguyen